1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA RAMIREZ, | Case No.  1:14-cv-01176-SAB |
| Plaintiff, | ORDER DENYING PLAINTIFF'S SOCIAL SECURITY APPEAL |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff Alicia Ramirez ("Plaintiff") filed this action seeking judicial review of the final decision of Defendant Commissioner of Social Security ("Defendant" or "Commissioner") denying Plaintiff's application for benefits under the Social Security Act.  (ECF No. 1.)  All parties have consented to the jurisdiction of a United States Magistrate Judge for all purposes. (ECF Nos. 7, 9.)

Plaintiff applied for Social Security benefits due to diabetes mellitus and left ankle tendinitis.  For the reasons set forth below, Plaintiff's appeal from the final decision of the Commissioner is denied.

/ / /

/ / /

/ / /

/ / /

# I.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiff applied for Supplemental Security Income benefits.  Plaintiff's application was denied on March 23, 2010.  (AR 90.)  Plaintiff requested reconsideration of the denial on or around January 10, 2011.  (AR 101.)  Plaintiff's request for reconsideration was denied on April 25, 2011.  (AR 102.)  Plaintiff requested a hearing by an Administrative Law Judge on or around May 10, 2011.  (AR 108.)

A hearing before Administrative Law Judge Susanne Lewald ("ALJ") took place on May 10, 2012.  (AR 38-61.)  Plaintiff was represented by an attorney at the hearing.  (AR 38.)  On May 25, 2012, the ALJ issued her written decision finding Plaintiff to be not disabled.  (AR 75-85.)  The Appeals Council denied Plaintiff's request for review on May 13, 2014.  (AR 7.)

### A.     VE Testimony

The sole issue raised in this appeal is whether the ALJ erred in relying on the testimony of the vocational expert.  Linda Ferra testified as a vocational expert ("the VE") at the hearing before the ALJ on May 10, 2012.  (AR 55.)  The ALJ presented the following first set of hypothetical limitations to the VE:

- Same age, education, and work experience as Plaintiff;
- Can sit six hours in an eight hour day;
- Can stand and walk short distances for four hours in an eight hour day;
- Can lift up to 10 pounds frequently, 20 pounds occasionally;
- Can occasionally climb stairs; and
- Can perform simple, repetitive tasks.

(AR 57.)  The VE testified that such a person could not perform Plaintiff's past relevant work.  (AR 57.)  However, the VE testified that other work could be performed with such hypothetical limitations, such as those where there is a stool available.  (AR 57.)  The VE identified "parking lot attendant" and "cashier II" as two such occupations.  (AR 57-58.)  The VE further testified

---

[1] Citations to the Social Security Administrative Transcript will be designated as "AR" (administrative record).  Page numbers will refer to the page numbers as stamped and indexed in the lodged transcript.  (See ECF No. 10.)

that the number of parking lot attendant jobs and cashier II jobs that could be performed with such hypothetical limitations would be eroded by about 60 percent to accommodate the fact that the person would be on or off a stool at their discretion.  (AR 58.)

**B.    The ALJ's Findings**

The ALJ made the following findings of fact and conclusions of law:

- Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2014;

- Plaintiff has not engaged in substantial gainful activity since August 3, 2009, the alleged onset date;

- Plaintiff has the following severe impairments: diabetes mellitus and left ankle tendinitis;

- Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1;

- Plaintiff has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b), except she can stand and walk short distances up to four hours in an eight-hour day, occasionally climb stairs, and is limited to simple repetitive tasks;

- Plaintiff is unable to perform any past relevant work;

- Plaintiff was born on October 14, 1957, and was 51 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date;

- Plaintiff has a limited education and is able to communicate in English;

- Transferability of job skills is not an issue in this case because Plaintiff's past relevant work is unskilled;

- Considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform; and

- Plaintiff has not been under a disability, as defined in the Social Security Act, from August 3, 2009, through the date of the ALJ's decision.

1  (AR 80-85.)

2                                    **II.**

3  **LEGAL STANDARDS FOR JUDICIAL REVIEW OF SOCIAL SECURITY**
                              **DETERMINATIONS**
4

5          An individual may obtain judicial review of any final decision of the Commissioner of

6  Social Security regarding entitlement to benefits.  42 U.S.C. § 405(g).  The Court "reviews the

7  Commissioner's final decision for substantial evidence, and the Commissioner's decision will be

8  disturbed only if it is not supported by substantial evidence or is based on legal error."  Hill v.

9  Astrue, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means more than a

10  scintilla, but less than a preponderance.  Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996)

11  (internal quotations and citations omitted).  "Substantial evidence is 'such relevant evidence as a

12  reasonable mind might accept as adequate to support a conclusion.'"  Id. (quoting Richardson v.

13  Perales, 402 U.S. 389, 401 (1971)).  "[A] reviewing court must consider the entire record as a

14  whole and may not affirm simply by isolating a specific quantum of supporting evidence."  Hill,

15  698 F.3d at 1159 (quoting Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)).

16  However, it is not this Court's function to second guess the ALJ's conclusions and substitute the

17  Court's judgment for the ALJ's.  See Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)

18  ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's

19  conclusion that must be upheld.")

20                                   **III.**

21                      **DISCUSSION AND ANALYSIS**

22          Plaintiff raises a single issue in this appeal.  Plaintiff argues that the ALJ erred in

23  accepting the testimony of the VE.  Specifically, Plaintiff argues that the VE testified that

24  Plaintiff could only perform work as a parking lot attendant or a cashier II if the job

25  accommodated Plaintiff's need to sit and stand at will.  Plaintiff argues that the accommodation

26  described by the VE was impermissible.

27          The VE provided the following testimony regarding the erosion of jobs related to the

28  sit/stand option:

A  There would be some light jobs that are performed while – you know, where there is a stool available.  And I can give you a couple of examples of those.  Obviously the numbers are substantially reduced since light work typically assumes standing and walking of six out of eight hours.  And one example would be parking lot attendant, DOT 915.473-010.  It is light and unskilled.  And reducing the number by probably 60 percent to – just to accommodate the fact that the person would be on – be able to be on a stool or off of it at discretion rather than having to be standing every time a car came by or walking throughout a parking garage or something, I would say that would leave approximately 4,000 of those jobs in the state and 40,000 in the nation.  A second example would be cashier II, DOT 211-462.010.  It is also light and unskilled.  And taking the same reduction, there would be approximately 50,000 of those jobs in the state and 500,000 in the nation....

(AR 57-58.)

A vocational expert may testify to an "erosion" of job numbers based upon a limitation in a claimant's residual functional capacity which would prevent the claimant from performing some, but not all, of the total number of jobs which exist in the national economy.  See Watts v. Astrue, No. CV 09-2335-JEM, 2010 WL 1854075, at *4 (C.D. Cal. May 6, 2010) (jobs eroded by 50% due to sit/stand option); Scott v. Astrue, No. ED CV 08-396-PLA, 2009 WL 1159995, at *10 n.14 (C.D. Cal. Apr. 28, 2009) (job numbers eroded by 50% due to standing and walking limitations).  This type of testimony from a VE is consistent with the policies set forth in SSR 83-12: "Where the extent of erosion of the occupational base is not clear, the adjudicator will need to consult a vocational resource."  SSR 83-12, 1983 WL 31253, at *2 (Jan. 1, 1983).  SSR 83-12 also specifically provides sit/stand options as an example of a limitation which may cause erosion of job numbers: "In cases of unusual limitation of ability to sit or stand, a VS [vocational specialist] should be consulted to clarify the implications for the occupational base."  Id. at *4.

Plaintiff argues that the Commissioner may not consider jobs which Plaintiff can only work if provided "reasonable accommodation" by the employer.  In the context of the Americans with Disabilities Act, "reasonable accommodation" is defined as:

(9)  Reasonable accommodation
The term "reasonable accommodation" may include—
**(A)**   making existing facilities used by employees readily accessible to and usable by individuals with disabilities; and
**(B)**   job restructuring, part-time or modified work schedules,

reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities.

42 U.S.C. § 12111(9).  In Cleveland v. Policy Management Systems Corp., 526 U.S. 795, 803 (1999), the Supreme Court stated that, in the Social Security context, the Commissioner does not take the possibility of "reasonable accommodation" into account when determining whether a claimant is disabled.

Plaintiff argues that the VE invoked the "reasonable accommodation" concept from the ADA context when she testified that the job numbers would be eroded by 60% to "accommodate" the fact that Plaintiff would need to be able to get on and off her feet at her discretion.  However, given the context of the VE's testimony, the Court disagrees.  The Americans with Disabilities Act was not mentioned once during the entirety of the VE's testimony.  Accordingly, it is unlikely that the VE intended to invoke ADA terminology simply by mentioning "accommodate."  Further, the VE said "accommodate," not "reasonable accommodation."  The VE did not mention modification of an existing job to provide "reasonable accommodation" for Plaintiff's impairment.  Thus, it is more likely that the VE's testimony referred to the percentage of jobs with pre-existing accommodations to suit Plaintiff's sit/stand option.  In other words, approximately 40% of all the parking lot attendant jobs in the nation could naturally accommodate a sit/stand option because the employee would have access to a pre-existing seat or stool, and not because the employer could provide a seating option that did not otherwise exist.  Similarly, 40% of all the cashier II jobs in the national could naturally accommodate a sit/stand option because the employee would have access to a seat of some kind.  The VE made no mention of modifying or adding special stools or chairs to existing jobs to accommodate the sit/stand option.  Accordingly, it is unlikely that the VE was invoking the "reasonable accommodation" concept from the ADA context in his testimony.

The Court finds that the ALJ's interpretation of the VE's testimony was reasonable.  See Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.")  Accordingly,

1  the Court finds that the ALJ did not err in accepting the VE's testimony regarding the number of
2  jobs in the national economy which Plaintiff could perform.

3                                          **IV.**

4                              **CONCLUSION AND ORDER**

5           Based upon the foregoing, the Court finds that the ALJ's decision was supported by
6  substantial evidence.

7           Accordingly, it is HEREBY ORDERED that:

8      1.       Plaintiff's appeal from the administrative decision of the Commissioner is
9               DENIED;

10     2.       JUDGMENT is entered in favor of Defendant Commissioner of Social Security
11              and against Plaintiff Alicia Ramirez; and

12     3.       The Clerk of the Court is directed to CLOSE this action.

13
   IT IS SO ORDERED.
14
15 Dated:   **September 17, 2015**
                                              _____
16                                            UNITED STATES MAGISTRATE JUDGE
17
18
19
20
21
22
23
24
25
26
27
28